**In re Amy BURK, Relator.**

No. 14–08–00065–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 10, 2008.

---

Sallee S. Smyth, Richmond, for appellant.

Teresa J. Waldrop, Houston, for appellee.

Panel consists of Justices FOWLER, FROST and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

On January 31, 2008, relator Amy Burk filed a petition for writ of mandamus. *See* TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004); *see also* TEX.R.APP. P. 52. Relator asks this court to compel the Honorable Douglas C. Warne to set aside his order overruling her plea to the jurisdiction and to dismiss the suit filed by Austin Burk. We deny relator's petition.

## BACKGROUND

Austin and Amy married and resided in Denver, Colorado from July 2004 to May 2006, when Austin moved to Waco, Texas. Amy moved to Waco the following month. On April 30, 2007, a daughter, C.B. was born in Waco. From her birth, C.B. resid-ed with her parents in Waco. Amy and C.B. visited her parents in Colorado from June 30 to July 15, 2007. After returning to Waco, Amy and Austin began packing on July 22 to move to Houston, Texas. Austin went to Houston on July 27. On July 27 or 28, Amy moved with C.B. to live with her parents in Colorado.

On September 29, 2007, Amy filed a "Petition for Allocation of Parental Responsibilities" in Colorado. On October 12, 2007, Austin filed an "Original Petition for Divorce" which included a "Suit Affecting the Parent–Child Relationship" (SAPCR) in Texas. On November 26, 2007, Amy filed a plea to the jurisdiction in the Texas suit.

The Texas trial court found there was no basis upon which the Colorado court could exercise jurisdiction under Section 152.206 of the Family Code. *See* TEX. FAM.CODE. ANN. § 152.206. Further, the Texas trial court found that the case is controlled by section 152.102(7) and that on the date the parties were separated, Texas was the "home state." *See* TEX. FAM.CODE. ANN. § 152.102(7). Amy's plea to the jurisdiction was denied by the trial court.

In her petition, Amy argues that C.B. has no "home state," and that, under a "significant connections" analysis, Colorado should exercise jurisdiction. Austin contends Colorado cannot exercise jurisdiction substantially in conformity with chapter 152 and the Texas court is free to exercise its jurisdiction because Texas was C.B.'s "home state" within six months before suit was filed. *See* TEX. FAM.CODE ANN. §§ 152.101–.317.

## STANDARD OF REVIEW

When a Texas court has asserted jurisdiction over a child custody matter contrary to the Uniform Child Custody Jurisdiction and Enforcement Act (the "UCCJEA"), mandamus is appropriate.

*See* Tex. Fam.Code Ann. §§ 152.101–.317. *See also Geary v. Peavy*, 878 S.W.2d 602, 604–05 (Tex.1994).[1] Whether a trial court has subject matter jurisdiction is a question of law reviewed *de novo. Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998); *see also Powell v. Stover*, 165 S.W.3d 322, 325 (Tex.2005) (orig.proceeding). A trial court abuses its discretion if it fails to analyze or apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding).

## UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT

 The UCCJEA replaced the previously adopted Uniform Child Custody Jurisdiction Act (the "UCCJA"). *See Powell v. Stover*, 165 S.W.3d 322, 325 (Tex. 2005) (orig.proceeding). Before the UCCJEA was effective, there was no priority within the four bases for jurisdiction over a custody dispute, leading to simultaneous exercise of jurisdiction in child-custody cases in different states. *Id.* The UCCJEA is designed to make determination of jurisdiction more straightforward by prioritizing home-state jurisdiction. *Id.* at 326. Under the UCCJEA, the legislature sought to avoid jurisdictional competition and conflict that results when courts in different states determine jurisdiction based on subjective factors. *Id.* The UCCJEA was intended to give prominence to objective factors and should be construed in such a way as to strengthen rather than undermine the certainty that prioritizing home-state jurisdiction was intended to promote. *Id.* The purposes behind the UCCJEA suggest that a child's physical location is the central factor to be considered when determining a child's "home state." *Id.* The Texas Family Code prioritizes home-state jurisdiction by providing, in pertinent part, that a court of this state has jurisdiction to make an initial child custody determination only if:

(1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

(2) a court of another state does not have jurisdiction under Subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 152.207 or 152.208, and:

(A) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

(B) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

(3) all courts having jurisdiction under Subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 152.207 or 152.208; or

---

1. Generally, an appellate court should deny mandamus relief if another adequate remedy is available. *See Street v. Second Court of Appeals*, 715 S.W.2d 638, 639–40 (Tex.1986) (orig.proceeding). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. However, in jurisdictional disputes arising from child custody proceedings, the relator need not demonstrate the inadequacy of an appellate remedy. *In re Lambert*, 993 S.W.2d 123, 127 (Tex.App.-San Antonio 1999, orig. proceeding); *In re Jeffries*, 979 S.W.2d 429, 433 (Tex.App.-Waco 1998, orig. proceeding).

(4) no court of any other state would have jurisdiction under the criteria specified in Subdivision (1), (2), or (3).

*See* Tex. Fam.Code Ann. § 152.201(a). "In the case of a child less than six months of age, the term ["home state"] means the state in which the child lived from birth with a parent or a person acting as a parent." *Id.* § 152.102(7). Because this case involves an initial child-custody determination, and home-state jurisdiction has priority, the issue is whether Texas or Colorado was C.B.'s home state on the date of, or within six months before, commencement of the proceeding.

## ANALYSIS

■■■ Because the suit in Colorado was filed first, the Texas court is precluded from exercising its jurisdiction *if the Colorado court has jurisdiction substantially in conformity with chapter 152. See* Tex. Fam.Code Ann. § 152.206(a); *see also Geary v. Peavy,* 878 S.W.2d 602, 604 (Tex. 1994). Both parties agree that Colorado was not C.B.'s home state on the date of, or within six months before, the commencement of the Colorado proceeding. *See* Tex. Fam.Code Ann. § 152.201(a)(1). Therefore, Colorado may exercise jurisdiction only if Texas *does not* have jurisdiction under subdivision (a)(1).[2] *See* Tex. Fam.Code Ann. § 152.201(a)(2).

As reflected in section 152.207(a)(1), Texas would have jurisdiction to make an initial child custody determination if Texas were the child's home state on the date suit was filed in Texas, or was the child's home state within six months of the date suit was filed in Texas, provided the child is absent from Texas but one parent is living in Texas. Austin does not contend that Texas was C.B.'s home state *on the date of* the commencement of the proceeding, October 12, 2007. *See In re McCoy,*

52 S.W.3d 297, 304 (Tex.App.-Corpus Christi 2001, orig. proceeding) (holding that the operative date for determining whether Texas has jurisdiction is the date suit was filed in Texas); *see also In re Calderon–Garza,* 81 S.W.3d 899 (Tex.App.-El Paso 2002, orig. proceeding) (holding Texas was the home state on the date of the commencement of the proceeding where the child lived in El Paso for the entirety of his life immediately before the date the proceeding commenced). The record reflects on October 12, 2007, C.B. was absent from Texas but Austin continued to live in the state. On October 12, 2007, C.B. was in Colorado. However, Austin continued to live in Texas on October 12, 2007. Pursuant to section 152.201(a)(1), then, the question is whether Texas *was C.B.'s home state within six months before* commencement of the proceeding.

Amy contends Texas is not the "home state" because "home state" is defined as "the" state in which the child lived from birth. *See* Tex. Fam.Code Ann. § 152.102(7). Amy contends this means the child must have lived in only one state from birth. Amy argues C.B. has not lived in Texas, i.e., "the state," *from birth* because C.B. lived in more than one state before commencement of the proceeding. Austin disagrees with Amy's interpretation of this language. He claims the language requires only that Texas must have been the child's home state at some time *within six months before* commencement of the proceeding. Austin points out that C.B. lived in Texas from birth until July 27, when Amy moved her to Colorado. As a result, Texas was C.B.'s home state at least until July 27. Since July 27 is within six months of October 12, when Austin brought suit in Texas, section 152.201(a)(1)

---

**2.** Texas has not declined to exercise jurisdiction. Therefore, the Colorado court cannot exercise jurisdiction under section 152.201(a)(3).

gives Texas jurisdiction to make an initial child custody determination.

There is no Texas authority directly on point. However, in *In re Estes*, 153 S.W.3d 591, 598 (Tex.App.-Amarillo 2004, orig. proceeding),[3] the court considered the "within six months" provision of subdivision (a)(1) and noted "that as of the filing of the Texas proceeding on February 11, 2004, the children had not lived in Texas for at least six consecutive months immediately preceding the filing, *nor was there any date during the six months preceding February 11, 2004*, at which the children lived in Texas for at least six consecutive months immediately preceding such date." *Id.* (emphasis added).

*In re Estes* did not involve a child less than six months of age but subdivision (a)(1) does not distinguish between a child more than six months and one less than six months of age. The statutory language refers to "home state," a term with two definitions. *See* TEX. FAM.CODE ANN. § 152.102(7). When interpreting statutes, our objective is to give effect to legislative intent and so we look first to the plain and common meaning of the statute's words. *See Powell*, 165 S.W.3d at 326. There is no indication the legislature intended "the home state ... within six months," to apply only to children six months of age or older.

We agree with Austin's interpretation. The statute provides that Texas has jurisdiction to make an initial child custody determination if it was the home state within six months before commencement of the proceeding, and the child is absent from Texas but a parent continues to live in Texas. The Texas proceeding was filed on October 12, 2007. On that date, C.B. had lived in Texas from birth to July 27 or 28, 2007, when Amy moved with her to Colorado. July 27 or 28, 2007, is a date during the six months preceding October 12, 2007. Accordingly, Texas was the home state within six months before the Texas proceeding commenced and Texas has jurisdiction under section 152.201(a)(1).

▪ Because there is a court of another state that has jurisdiction under section 152.201(a)(1), the Colorado court does not have jurisdiction in substantial conformity with chapter 152 to make an initial child custody determination. Consequently, section 152.206 does not preclude the Texas court from exercising jurisdiction.

▪ As the *Powell* court recognized, this does not mean the Texas court is *required* to exercise its jurisdiction. *See Powell*, 165 S.W.3d at 327. The Family Code provides flexibility to avert potential injustice once the home state has been determined. *See* Tex. Fam.Code §§ 152.207 and 152.208. For example, the home-state court can defer jurisdiction if the court is an inconvenient forum under the circumstances and a court in another state would provide a more appropriate forum. *See* Tex. Fam.Code § 152.207. "Applying a physical-presence test to determine home-state jurisdiction, then allowing that court to consider the forum's relative convenience, creates jurisdictional certainty without diluting the significance of the underlying facts and circumstances presented in an individual case." *Powell*, 165 S.W.3d at 327. The question of whether Colorado is a more appropriate forum is a determination that must be made by the

---

**3.** We are aware the court in *Powell* disapproved of *Estes* to the extent it conflicted with the court's application of a "physical-presence" test to determine home-state jurisdiction. *See Powell*, 165 S.W.3d at 328. The *Estes* court considered subjective intent in determining the children had "lived" in Nebraska for over seven months before suit was filed. That analysis does not distinguish *Estes* from the case at bar in any significant manner.

trial court in the home state, which in this case is Texas.

## CONCLUSION

The trial court correctly concluded that it has jurisdiction because Texas was C.B.'s "home state" within six months before Austin filed the Texas proceeding. Accordingly, the trial court did not abuse its discretion in denying Amy's plea to the jurisdiction. *Id.* Relator's petition for writ of mandamus is denied.