Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




**OPINION**

No. 04-11-00127-CV

**IN RE** Artemio Arturo **ALANIS**

Original Mandamus Proceeding[1]

Opinion by:    Phylis J. Speedlin, Justice

Sitting:       Karen Angelini, Justice
               Phylis J. Speedlin, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  July 13, 2011

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART

On February 17, 2011, relator Artemio Arturo Alanis filed a petition for writ of mandamus, complaining of the trial court's February 7, 2011 order denying Alanis' plea to the jurisdiction and request for the trial court to decline jurisdiction in favor of California because Texas is an inconvenient forum. *See* TEX. FAM. CODE ANN. § 152.207 (West 2008). We hold the trial court did not err in denying Alanis' plea to the jurisdiction. However, we conclude the trial court did abuse its discretion in denying Alanis' request for the court to decline jurisdiction in favor of California because Texas is an inconvenient forum. *Id.* Therefore, we conditionally grant mandamus relief in part.

---

[1] This proceeding arises out of Cause No. 1999-CI-13091, styled *In the Interest of A.B.A., A Minor Child*, pending in the 166th Judicial District Court, Bexar County, Texas, the Honorable Martha Tanner presiding. However, the order complained of was signed by the Honorable Richard Price, presiding judge of the 285th Judicial District Court, Bexar County, Texas.

**BACKGROUND**

This proceeding arises out of a petition to modify a March 20, 2002 Final Order in a Suit Affecting the Parent-Child Relationship (SAPCR). Relator Artemio Arturo Alanis and real party in interest Dr. Sloan Roxane Blair were appointed joint managing conservators, with Alanis having the right to designate the primary residence of the child A.B.A. A.B.A. is now sixteen years old. In August 2010, Alanis and the child moved from San Antonio, Texas to Danville, California. Alanis maintains that on August 17, 2010 he sent a letter by certified mail to Blair informing her that they had moved to California. Alanis further maintains that on August 23, 2010, Alanis spoke with Blair on the telephone, and Blair informed him that the notice had been sent to the wrong address. It is undisputed that as of August 17, 2010 neither the child, Alanis, nor Blair resided in Texas.

On September 1, 2010, Alanis filed a Registration of the 2002 Texas SAPCR Order and an Order to Show Cause in the Contra Costa Superior Court of California, requesting the California court to take jurisdiction and modify the visitation provisions.[2] On September 27, 2010, Blair filed a Petition to Modify the Parent-Child Relationship in Bexar County, Texas. In response to the modification suit filed in Texas, Alanis filed a plea to the jurisdiction and a request for the trial court to decline jurisdiction in favor of California because Texas is an inconvenient forum. *See id.* On January 21, 2011, the trial court held a hearing on the motions, and on February 7, 2011 the trial court denied Alanis' plea to the jurisdiction and request for the trial court to decline jurisdiction. This petition for writ of mandamus ensued.

---

[2] The record includes an "Application for Order and Supporting Declaration" that was filed on November 19, 2010 in California, requesting that the California court modify the 2002 Texas SAPCR Order.

## ANALYSIS

### I.        Plea to the Jurisdiction

The Texas Supreme Court has held that mandamus review is appropriate in child custody cases where there is a jurisdictional dispute. *Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex. 1994) (orig. proceeding); *In re Burk*, 252 S.W.3d 736, 738-39 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding [mand. denied]). Whether a trial court has subject matter jurisdiction is a question of law we review *de novo*. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *see also Powell v. Stover*, 165 S.W.3d 322, 324-25 (Tex. 2005) (orig. proceeding); *Burk*, 252 S.W.3d at 738-39.

Alanis asserts the trial court erred in denying his plea to the jurisdiction because once he and the child left Texas, the state of Texas lost exclusive continuing jurisdiction under section 152.202 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 152.202(a) (West 2008). Section 152.202(a)(2) provides that a court of this state which has made a child custody determination consistent with section 152.201 has exclusive continuing jurisdiction over the determination until "a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state." *See id.* § 152.202(a)(2). Because it is undisputed that neither parent nor the child resided in Texas when Blair filed the modification suit in Bexar County, Texas, we agree the Texas court lost exclusive continuing jurisdiction under section 152.202(a)(2). *Id.* However, a Texas court that has lost exclusive continuing jurisdiction under section 152.202(a) still has the ability to modify an original determination if it has jurisdiction to make an initial determination under section 152.201. *Id.* § 152.202(b). In fact, if any subsection of section 152.201(a) is applicable, the

Texas trial court has jurisdiction to retain the suit and modify the original determination. *See id.* § 152.201(a)(1)–(4) (West 2008).

Turning to section 152.201(a), the statute provides that a court of this state has jurisdiction to make an initial child custody determination only if:

> (1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
>
> (2) a court of another state does not have jurisdiction under Subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 152.207 or 152.208, and:
> (A) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
> (B) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;
>
> (3) all courts having jurisdiction under Subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 152.207 or 152.208; or
>
> (4) no court of any other state would have jurisdiction under the criteria specified in Subdivision (1), (2), or (3).

*Id.*

Here, we conclude under the facts of this case that subsection (4) applies. Pursuant to subsection (4), if California does not have jurisdiction under either subsection (1), (2), or (3), then Texas has jurisdiction under subsection (4). *See id.* §§ 152.201(a)(4), 152.202(b). We determine jurisdiction based upon the circumstances as they existed on the date suit was filed. *Burk*, 252 S.W.3d at 740; *In re McCoy*, 52 S.W.3d 297, 304 (Tex. App.—Corpus Christi 2001,

orig. proceeding [mand. denied]). Therefore, we will examine subsections (1) through (3) in turn to determine whether, as of the date the modification suit was filed, California would have had jurisdiction.

Considering subsection (1) of section 152.201(a), at the time the modification suit was filed in Texas, California had not yet become the child's home state because he had only lived there for a little over one month. *See* TEX. FAM. CODE ANN. § 152.201(a)(1); *see also* CAL. FAM. CODE § 3402(g) (West 2004) ("'Home state' means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding."). Because A.B.A. had not lived in California for six consecutive months at the time the modification suit was filed, California had not yet obtained jurisdiction under section 152.201(a)(1).

Next, we consider subsection (a)(2), which requires us to make numerous determinations to decide whether California had jurisdiction. *See* TEX. FAM. CODE ANN. § 152.201(a)(2). First, we must determine whether Texas has jurisdiction under subsection 152.201(a)(1); we conclude Texas does not because no parent continues to live in Texas. *Id.* Next, we must determine whether (A) the child and at least one parent have a significant connection with California other than mere physical presence, and (B) whether there is substantial evidence available in California concerning the child's care, protection, training, and personal relationships. *See id.* § 152.201(a)(2)(A), (B). While it is undisputed that the child currently attends school and participates in extracurricular activities in California, no evidence was admitted that, at the time the Texas modification suit was filed, the child and Alanis had a significant connection with California beyond mere physical presence for one month, or that substantial evidence relevant to

the modification was available in California. *See id.* Therefore, we conclude this basis for jurisdiction was not met. *Id.*

Finally, turning to subsection (a)(3) of section 152.201, California had not obtained jurisdiction under this subsection because Texas had not declined jurisdiction based on inconvenient forum under section 152.207 or by reason of unjustifiable conduct under section 152.208. *See id.* § 152.201(a)(3); *id.* §§ 152.207, 152.208 (West 2008). Based on the foregoing, we conclude that when Blair filed her modification suit in Texas, California had not yet obtained jurisdiction. Therefore, under section 152.201(a)(4), although Texas had lost exclusive continuing jurisdiction when the child and Alanis left Texas, at the time the modification suit was filed there was no court of another state that had jurisdiction, and, therefore, the Texas court was not precluded from exercising jurisdiction over the petition to modify its original determination. *See id.* §§ 152.201(a)(4), 152.202(b). Accordingly, the trial court did not err in denying Alanis' plea to the jurisdiction.

## II.        Inconvenient Forum

Alanis next complains the trial court abused its discretion in refusing to decline to exercise jurisdiction in favor of California because Texas is an inconvenient forum under section 152.207. *See* TEX. FAM. CODE ANN. § 152.207. Because this is not a jurisdictional question as Alanis' first issue was, we do not apply a *de novo* standard of review; instead, we will grant mandamus relief only if we determine that the trial court clearly abused its discretion and Alanis lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law

to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker*, 827 S.W.2d at 840.

As discussed, *supra*, a Texas court may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. TEX. FAM. CODE ANN. § 152.207(a). This determination can be made at any time during the proceedings and can be raised upon the motion of a party, on the court's own motion, or upon request from another court. *Id.* Therefore, because the issue of inconvenient forum may be raised at any time during the proceedings, the trial court was not limited to just reviewing the facts as they existed when the modification suit was filed in Texas. *Id.*

Relevant factors with regard to convenience of a forum include:

> (1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
> (2) the length of time the child has resided outside this state;
> (3) the distance between the court in this state and the court in the state that would assume jurisdiction;
> (4) the relative financial circumstances of the parties;
> (5) any agreement of the parties as to which state should assume jurisdiction;
> (6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
> (7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present evidence; and
> (8) the familiarity of the court of each state with the facts and issues in the pending litigation.

*Id.* § 152.207(b).

We will now consider each factor to determine whether the trial court abused its discretion in retaining jurisdiction in Texas. First, domestic violence is not relevant to our analysis because the record does not indicate that any domestic violence occurred. *See id.*

§ 152.207(b)(1) (domestic violence). The next factor is the length of time the child has resided outside of Texas. The record reflects that as of August 17, 2010, the child and Alanis had moved from Texas to California. At the time the trial court considered Alanis' motion to move the forum to California, the child and Alanis had resided in California for just short of six months. *See id.* § 152.207(b)(2) (time of residence outside Texas). Because none of the parties nor the child currently live in Texas, both parents and the child will have to travel to Texas for all of the court proceedings; Alanis and the child will have to travel from California, and Blair will have to travel from Oklahoma. Alanis argued it would be detrimental to the child to miss school and extracurricular activities in order to travel to Texas for hearings. Furthermore, Alanis argued that California would be more convenient based on Blair's responses to interrogatories, in which she stated she flies to California weekly for work. This was not disputed by Blair at the hearing. *See id.* § 152.207(b)(3) (distance between forums). Also undisputed at the hearing was Alanis' assertion that while he does not know Blair's exact income at this time, Blair is an actively practicing physician and she pays the maximum amount of child support allowed in Texas. Alanis is a pharmacist, but he testified that traveling to Texas for the proceedings would place a tremendous financial burden on him. Furthermore, it is undisputed that Blair will have travel costs regardless of whether the proceedings are in Texas or California because Blair currently resides in Oklahoma. Blair presented no information that travelling to California would place a financial burden on her. Instead, the only argument made by Blair was that instead of travelling from Oklahoma to Texas she would have to travel farther–from Oklahoma to California. *See id.* § 152.207(b)(4) (parties' relative financial circumstances). Additionally, it is evident from the present proceedings that the parties do not agree on which state should assume jurisdiction. *See id.* § 152.207(b)(5) (any agreement by parties as to jurisdiction).

Next, we consider the nature and location of the evidence relevant to the modification suit, including the testimony of the child. A.B.A. has attended high school in California since he moved there and he participates in extracurricular activities such as Boy Scouts and lacrosse. The record also indicates that Alanis has family in California. Alanis asserted that he will rely on no witnesses in Texas, and Blair did not direct the trial court to any specific witnesses on her behalf that are located in Texas. *See id.* § 152.207(b)(6) (nature and location of evidence required to resolve pending litigation, including testimony of the child). As to the ability of each court to decide the issues expeditiously, the only information provided is that the suit remains pending in California, and the California court is awaiting this Court's decision. No further information was provided as to the Texas or California court's ability to decide the issues expeditiously or the procedures necessary to present the evidence. *See id.* § 152.207(b)(7) (various abilities of each court to resolve issues expeditiously). Finally, as to the familiarity of each court with the relevant facts and issues, the last order entered in this matter was the 2002 SAPCR Order in the Texas trial court. While Blair argued the Texas trial court's file containing the 2002 SAPCR order would be necessary to resolve the modification suit, Alanis argued that because of the length of time that has passed since the 2002 SAPCR Order, the Texas court has no superior knowledge over the matter. *See id.* § 152.207(b)(8) (familiarity of each court with facts and issues of the pending litigation).

As the Texas Supreme Court acknowledged in *Powell*, section 152.207 "provides the flexibility needed to avert potential injustice" once jurisdiction has been determined. *See Powell*, 165 S.W.3d at 327. The case at hand is an unusual situation in which neither parent nor the child resides in Texas, yet one parent is pursuing a modification suit here. Weighing the above factors, we consider it important that Blair did not dispute the information provided by Alanis

that it will be detrimental to the sixteen year old child to have to travel to Texas for the proceedings, it will be a financial burden on Alanis to travel to Texas for the proceedings, there are no identified witnesses in Texas, and since the last action by a Texas court was in 2002 the Texas court has no more familiarity with the current facts and issues of the modification and the needs of the sixteen year old child than a California court does. In the absence of any information provided by Blair to the trial court to dispute the information provided by Alanis, we conclude the trial court could have reasonably reached only one decision—that the relevant factors overwhelmingly weigh in favor of finding that Texas is an inconvenient forum and California is a more appropriate forum for the modification proceedings. Therefore, we conclude the trial court abused its discretion in denying Alanis' request that the trial court decline jurisdiction based on Texas being an inconvenient forum under section 152.207. *See* TEX. FAM. CODE ANN. § 152.207.

Having concluded that the trial court clearly abused its discretion in retaining jurisdiction because Texas is an inconvenient forum, we must now decide whether Alanis' remedy by appeal is inadequate and thus warrants mandamus relief. *See Prudential*, 148 S.W.3d at 135-36. We are unaware of any case, and the parties do not cite us to any case, that has considered whether mandamus review is available when a trial court denies a party's request that it decline to exercise its jurisdiction because it is an inconvenient forum under Texas Family Code section 152.207. However, applying *Prudential*, we conclude that, under the circumstances of this case, mandamus relief is warranted. *See id*.

The Supreme Court in *Prudential* stated that mandamus review of significant rulings in exceptional cases may be essential to: (1) preserve a relator's substantive or procedural rights from impairment or loss; (2) allow appellate courts to give needed and helpful direction to the

law that would otherwise prove elusive in an appeal from a final judgment; and (3) prevent the waste of public and private resources invested into proceedings that would eventually be reversed. *Id.* at 136. The Supreme Court mandated that when the benefits outweigh the detriments, we must consider whether the appellate remedy is adequate. *Id.* We do so by employing a balancing test to determine whether an adequate remedy on appeal exists. *See id.* at 135–37. The Court explained that prior cases in which the Court found an appellate remedy was inadequate "serve to illustrate that whether an appellate remedy is 'adequate' so as to preclude mandamus review ***depends heavily on the circumstances presented*** . . . ." *Id.* at 137 (emphasis added). Stressing that the decision whether to issue a writ of mandamus depends heavily on the circumstances presented, the Court expressly rejected the application of rigid rules in deciding whether a remedy on appeal is adequate. *See id.* at 136. It reasoned that such rigid rules and categorizations contradict the flexibility of mandamus, which is its "principal virtue." *See id.*

Bearing those principles in mind, we view a request for a trial court to decline jurisdiction based on an inconvenient forum as closely analogous to a motion to dismiss for *forum non conveniens*, for which the Texas Supreme Court has held mandamus relief is available because denial of such a motion to dismiss cannot be adequately rectified on appeal. *See In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 676-79 (Tex. 2007) (orig. proceeding). Furthermore, this is an unusual child custody case in that neither the parents nor the child currently resides in Texas, yet one parent is still pursuing a modification suit in Texas. If Blair's modification suit were to proceed in Texas, it would require all of the parties, including the child, to continue to travel to Texas for all of the court proceedings. Allowing the California court to move forward with the merits of the case at this time, instead of waiting for this issue to be appealed after the conclusion of the case, would promote judicial economy and avoid wasting the time and resources of the

parties in a Texas court. Therefore, we conclude the present facts are sufficiently compelling to justify this Court's granting of extraordinary relief.

## CONCLUSION

Based on the foregoing analysis, we hold the trial court clearly abused its discretion in denying Alanis' request for the trial court to decline jurisdiction as an inconvenient forum under Texas Family Code section 152.207. Accordingly, we conditionally grant the petition for writ of mandamus. The trial court is ordered to withdraw the portion of the February 7, 2011 order denying the request for it to decline jurisdiction in favor of California because Texas is an inconvenient forum, and enter an order declining jurisdiction in compliance with section 152.207. *See* TEX. FAM. CODE ANN. § 152.207. The writ will issue only if the trial court fails to comply within fourteen days.

Phylis J. Speedlin, Justice