



## OPINION

No. 04-11-00318-CV

**IN RE** Donovan George **GREEN**

Original Mandamus Proceeding[1]

Opinion by:    Marialyn Barnard, Justice

Sitting:       Sandee Bryan Marion, Justice
              Rebecca Simmons, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  August 24, 2011

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART

On May 5, 2011, relator Donovan Green filed a petition for writ of mandamus, contending the trial court lacks personal jurisdiction over him with regard to the divorce proceeding, lacks jurisdiction over the suit affecting the parent-child relationship, issued an order in violation of the Servicemembers Civil Relief Act, and that Texas is an inconvenient forum. We conclude the trial court lacks jurisdiction over the suit affecting the parent-child relationship and deny all other relief sought in the petition for writ of mandamus. Therefore, we conditionally grant mandamus relief in part.

---

[1] This proceeding arises out of Cause No. 2011-CI-01104, styled *In the Marriage of Maria-Esperanza Green and Donovan George Green, and In the Interest of D.G.G., A Child*, pending in the 225th Judicial District Court, Bexar County, Texas, the Honorable Peter Sakai presiding. However, relator's petition for writ of mandamus is directed at the Honorable Antonia Arteaga, presiding judge of the 57th Judicial District Court, Bexar County, Texas, and the Honorable Cathy Stryker, presiding judge of the 224th Judicial District Court, Bexar County, Texas.

## BACKGROUND

The underlying suit involves a suit affecting the parent child relationship (SAPCR) and a divorce proceeding between Donovan and real party in interest Maria-Esperanza Green that was filed in Bexar County, Texas on January 21, 2011. On March 23, 2011, Donovan filed a similar proceeding in Germany. Donovan is on active duty in the United States Army, and the record indicates he was stationed in Texas from June to September of 1992. However, Maria has never lived in Texas. The parties were married in Belgium on November 28, 1995, and on August 23, 1998 had a child, D.G.G., Jr., who was born in Germany. Since birth, the child has resided in Germany, with the exception of 2002 to 2008 when the parties and the child resided in Virginia while Donovan was stationed there. Since 2008, both the parties and the child have resided in Germany.

On February 25, 2011, Donovan filed a Second Amended Special Appearance and Subject Thereto, Plea to the Jurisdiction, Motion to Stay and Plea in Abatement, and on March 3, 2011, the trial court held a hearing on the motions.[2] Then, on March 30, 2011, the Honorable Antonia Arteaga signed an order denying Donovan's special appearance, plea to the jurisdiction, and plea in abatement. The record indicates that on April 21, 2011, the Honorable Barbara Hanson Nellermoe signed an order granting a stay under the Servicemembers Civil Relief Act. *See* 50 U.S.C. § 522(b) (2004). Furthermore, Donovan contends that on April 21, 2011, the Honorable Cathy Stryker signed an order granting temporary orders that affect the child. However, Donovan fails to direct this court to such order in the record. This petition for writ of mandamus ensued.

---

[2] We note the record contains only a partial reporter's record from this hearing.

**ANALYSIS**

**I.      Suit Affecting the Parent Child Relationship**

The Texas Supreme Court has held that mandamus review is appropriate in child custody cases where there is a jurisdictional dispute. *Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex. 1994) (orig. proceeding); *In re Burk*, 252 S.W.3d 736, 738-39 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding [mand. denied]).  Whether a trial court has subject matter jurisdiction is a question of law we review *de novo*. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998); *see also Powell v. Stover*, 165 S.W.3d 322, 324-25 (Tex. 2005) (orig. proceeding); *Burk*, 252 S.W.3d at 738-39.

Donovan contends Texas lacks jurisdiction over the SAPCR.  The Texas Family Code provides that a child's home state has primary jurisdiction over child custody proceedings. *See* TEX. FAM. CODE ANN. § 152.201(a) (West 2008).  A child's home state is "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." TEX. FAM. CODE ANN. § 152.102(7) (West 2008).  Because Texas law prioritizes home state jurisdiction, a Texas court can make an initial custody determination only if Texas is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.  TEX. FAM. CODE ANN. § 152.201(a)(1).

It is undisputed that the child D.G.G. has never lived in Texas.  D.G.G. has resided in Germany since his birth, with the exception of when Donovan was stationed in Virginia from

2002 to 2008. The parties indicate the child currently resides in Germany and has since 2008. Therefore, Texas is not the child's home state under section 152.201(a)(1). *Id.*

Because Texas cannot claim jurisdiction under section 152.201(a)(1), a Texas court could have asserted jurisdiction only if a court of another state did not have home state jurisdiction or a court of the home state of the child had declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 152.207 or 152.208, and the child and at least one of the child's parents has significant connections to Texas. *See* TEX. FAM. CODE ANN. § 152.201(a)(2). However, "'[t]his 'significant connection' jurisdiction should only be employed when Texas is not the home state and it appears that no other state could assert home state jurisdiction.'" *In re Barnes*, 127 S.W.3d 843, 848 (Tex. App.—San Antonio 2003, orig. proceeding) (quoting *In re Oates*, 104 S.W.3d 571, 578 (Tex. App.—El Paso 2003, orig. proceeding)). Maria does not assert Germany lacks home state jurisdiction or that Germany has declined to exercise jurisdiction on the ground that Texas is the more appropriate forum. *See* TEX. FAM. CODE ANN. § 152.201(a)(2). To the contrary, the parties have indicated there is an ongoing child custody proceeding in Germany. As a result of the foregoing, we conclude the trial court did not have jurisdiction over the SAPCR.

## II. Divorce Proceeding

Donovan next contends the trial court lacks personal jurisdiction over him with regard to the divorce proceeding. To be entitled to mandamus relief, Donovan must establish the trial court clearly abused its discretion and he lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). An abuse of discretion with respect to factual matters occurs if the record establishes the trial court could reasonably have

reached only one decision. *Walker*, 827 S.W.2d at 840. However, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.*

Donovan contends the trial court lacks personal jurisdiction over him because he is not a resident in accordance with section 6.301 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 6.301 (West 2006) (General Residency Rule for Divorce Suit). However, the residency requirement under section 6.301 is not jurisdictional, but instead involves the right to maintain suit. *See Reynolds v. Reynolds*, 86 S.W.3d 272, 276 (Tex. App.—Austin 2002, no pet.); *Cook v. Mayfield*, S.W.2d 840, 841 (Tex. App.—Waco 1994, no writ); *Oak v. Oak*, 814 S.W.2d 834, 837 (Tex. App.—Houston [14th Dist.] 1991, writ denied). The requirements of domicile and residence under section 6.301 are fact issues for the trial court to determine, which will not be disturbed unless there is a clear abuse of discretion. *Griffith v. Griffith*, No. 04-10-00174-CV, 2011 WL 17382, at *6 (Tex. App.—San Antonio Jan. 5, 2011, no pet. h.). Based on the record before us and the record presented to the trial court, we cannot determine at this time the trial court clearly abused its discretion in failing to grant Donovan's plea to the jurisdiction or plea in abatement.

## III.    Servicemembers Civil Relief Act

Next, Donovan contends the Honorable Cathy Stryker granted Maria temporary orders which affect the child in violation of the stay issued under the Servicemembers Civil Relief Act. *See* 50 U.S.C. § 522(b). However, Donovan fails to direct this court to temporary orders in the record signed by Judge Stryker. It is a relator's burden to file with the petition a certified or sworn copy of any order complained of. *See* TEX. R. APP. P. 52.3(k) & 52.7(a). The record does, however, contain an order granting a temporary injunction signed by Judge Nellermoe.

However, Donovan fails to provide any specific argument as to how the temporary injunction was improper under the stay. Furthermore, to the extent that Donovan's argument is that the trial court erred in issuing an order in violation of the stay because such order affects the child, this argument is now moot based on this court's finding that the trial court lacks jurisdiction over the SAPCR. Based on the foregoing, we conclude Donovan has failed to establish he is entitled to mandamus relief against Judge Stryker.

## IV. Inconvenient Forum

Finally, Donovan contends Texas is an inconvenient forum. However, there is no indication in the record that this argument was ever presented to and ruled on by the trial court. Without a proper motion presented to and ruled on by the trial court in accordance with Texas Family Code § 152.207, this court cannot grant mandamus relief on this basis. *See* TEX. FAM. CODE ANN. § 152.207 (West 2008).

### CONCLUSION

Based on the foregoing analysis, we hold the trial court clearly abused its discretion in failing to dismiss the SAPCR for lack of jurisdiction. Accordingly, we conditionally grant the petition for writ of mandamus in part and all other relief sought is denied. The trial court is ordered to withdraw the portion of the March 30, 2011 order denying the plea to the jurisdiction as to the SAPCR and enter an order dismissing the SAPCR. The writ will issue only if the trial court fails to comply within fourteen days.

Marialyn Barnard, Justice