



## MEMORANDUM OPINION

No. 04-10-00633-CV

Rebecca Martinez **ABBOUD**,
Appellant

v.

Guillermo Abboud **KARAM**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2009CVQ0001719D2
The Honorable Joe Lopez, Judge Presiding

Opinion by: Catherine Stone, Chief Justice

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed: January 11, 2012

AFFIRMED

Rebecca Martinez Abboud filed a bill of review seeking to set aside a divorce decree. The trial court granted summary judgment in favor of Guillermo Abboud Karam. Rebecca appeals, asserting the trial court erred in granting summary judgment because neither she nor Guillermo satisfied the residency requirements to maintain a divorce suit in Texas. Rebecca also contends the divorce decree was not a final judgment. We overrule Rebecca's contentions and affirm the trial court's order.

**BILL OF REVIEW**

"A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial." *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926-27 (Tex. 1999). "[A] bill of review is available only if a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment and, *through no fault of its own*, has been prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the opposing party." *Id*. at 927 (emphasis added). Rebecca contends the trial court erred in granting summary judgment and denying her bill of review because neither she nor Guillermo satisfied the residency requirements for maintaining a divorce petition in Texas, which require either the petitioner or the respondent to have been a domiciliary of Texas for six months and a resident of the county of suit for 90 days. *See* TEX. FAM. CODE ANN. § 6.301 (West 2006).

**RESIDENCY REQUIREMENTS FOR DIVORCE PROCEEDING**

Rebecca contends a genuine issue of material fact exists regarding whether the parties were legal residents of Mexico and unable to meet the residency requirements to maintain a Texas divorce proceeding. The residency requirements for maintaining a divorce petition in Texas are not jurisdictional, but prescribe necessary qualifications for bringing an action for divorce. *In re Green*, 352 S.W.3d 772, 776 (Tex. App.—San Antonio 2011, orig. proceeding); *Stallworth v. Stallworth*, 201 S.W.3d 338, 345 (Tex. App.—Dallas 2006, no pet.). In granting summary judgment, the trial court considered evidence that Rebecca filed the divorce petition, stating that she had satisfied the residency requirements. Admissions in petitions for divorce stating that the residency requirements of divorce are satisfied "are considered judicial admissions in the case in which the pleadings are filed, and no additional proof is required of the

admitted fact." *Barnard v. Barnard*, 133 S.W.3d 782, 785 (Tex. App.—Fort Worth 2004, pet. denied); *Dokmanovic v. Schwarz*, 880 S.W.2d 272, 277 (Tex. App.—Houston [14th Dist.] 1994, no writ). Moreover, at the hearing before the trial court in which the parties requested approval of their Rule 11 agreement pertaining to the terms of the final divorce decree, Rebecca's attorney stipulated that the residency requirements had been met. *See Barnard*, 133 S.W.3d at 785 (holding residency requirements satisfied through judicial admissions in pleadings and stipulations consistent with such admissions); *see also Prieto v. Prieto*, No. 08-01-00477-CV, 2002 WL 31875985, at 2 (Tex. App.—El Paso Dec. 27, 2002, no pet.) (noting that stipulating to residency and domicile is a common practice in divorce cases) (not designated for publication). Accordingly, the trial court did not err in granting summary judgment because the evidence conclusively established that the residency requirements had been satisfied based on Rebecca's own judicial admissions and stipulations. Even if the judicial admissions and stipulations were erroneous, Rebecca was at fault in misleading the court with regard to the residency requirements being satisfied and could not establish the bill of review requirement that the divorce decree was rendered unmixed with any fault or negligence of her own. *See Caldwell v. Barnes*, 154 S.W.3d 93, 97 (Tex. 2004) (noting bill of review plaintiffs must establish judgment was rendered unmixed with any fault or negligence of their own).

### FINALITY OF DIVORCE DECREE

With regard to the finality of the divorce decree, the record reflects that the divorce decree was a final judgment. The decree states that it is a "final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue." The decree further states that it "finally disposes of all claims and all parties and the parties agreed." Although the decree also states, "this final judgment is not appealable," the language of the

decree as a whole establishes that the insertion of the word "not" was a typographical error and does not affect the finality of the decree. *See Tutson v. Upchurch*, 203 S.W.3d 428, 430 n.2 (Tex. App.—Amarillo 2006, pet. denied) (viewing word in judgment as typographical error based on context and overall wording of the judgment); *see also SLT Dealer Group, Ltd. v. AmeriCredit Financial Servs., Inc.*, 336 S.W.3d 822, 832 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (noting clerical error is mistake that prevents judgment, as entered, from accurately reflecting judgment as actually rendered and determining whether error is judicial or clerical is a question of law).

The trial court's order is affirmed.

Catherine Stone, Chief Justice