**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 8, 2012.**

In The

# Fourteenth Court of Appeals

## NO. 14-12-00641-CV

### IN RE MICHAEL GLYN BROWN, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
247th District Court
Harris County, Texas
Trial Court Cause No. 2006-25428

## M E M O R A N D U M   O P I N I O N

On July 11, 2012, relator filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator asked this court to compel respondent, the Honorable Bonnie Crane Hellums, presiding judge of the 247th District Court of Harris County, Texas, to reverse her ruling denying relator's Request for Court to Decline Jurisdiction.

### BACKGROUND FACTS

Relator was divorced from Darlina Barone by final judgment signed November 1, 2001, in Montgomery County. In 2006, Barone filed a petition in Harris County and the court signed an order in 2006. Barone then filed a motion to modify the parent-child

relationship and application for emergency temporary orders in April 2008. In April 2010, Barone amended her petition to modify to include a request to terminate relator's parental rights to their two children. In September of 2010, the parties agreed to abate the issues regarding the termination of relator's parental rights until November 2010.

On May 25, 2012, relator filed a REQUEST FOR COURT TO DECLINE JURISDICTION based solely on Texas being an inconvenient forum. A hearing was held June 1, 2012. The record of the hearing indicates trial has been set for September 2012. At the hearing, relator contended for the first time the trial court lacked subject matter jurisdiction because the request to terminate had to be filed as an original suit and could not be incorporated in the motion to modify. Relator argued that since the children had resided in Colorado since December 1, 2009, the suit to terminate his parental rights should have been filed in Colorado, pursuant to the Texas Uniform Child Custody Jurisdiction and Enforcement Act. *See* Tex. Fam. Code Ann. §§ 152.001-152.317 (West 2008 & Supp. 2011). After hearing argument from both parties, the trial court requested briefing. Relator filed a brief on June 16, 2012, raising subject matter jurisdiction, and a second hearing was held June 19, 2012. During the hearing, the trial court orally denied relator's request. It is from that ruling relator seeks mandamus relief.

### SUBJECT MATTER JURISDICTION

In his petition, relator asserts the trial court does not have subject matter jurisdiction over the request to terminate his parental rights. The Texas Supreme Court has held that mandamus review is appropriate in child custody cases where there is a jurisdictional dispute. *Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex. 1994) (orig. proceeding); *In re Burk,* 252 S.W.3d 736, 738–39 (Tex. App. -- Houston [14th Dist.] 2008, orig. proceeding). Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *See Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998); see also *Powell v. Stover*, 165 S.W.3d 322, 324–25 (Tex. 2005) (orig. proceeding); *Burk*, 252 S.W.3d at 738–39.

Relator asserts the trial court lacks subject matter jurisdiction over the termination

claim[1] because there is no significant connection between Texas and Barone and the children and none of the parties reside in Texas. *See* Tex. Fam. Code Ann. § 152.202(a) (West 2008). Section 152.202(a) provides that a court of this state which has made a child custody determination[2] consistent with section 152.201 has exclusive continuing jurisdiction over the determination until:

> (1) a court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent, have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

> (2) a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

*See* Tex. Fam. Code Ann. § 152.202 (West 2008). As the court which made the initial child custody determination, the Texas trial court has exclusive continuing jurisdiction unless either subsection one or two are applicable.

Regarding subsection one, the record does not establish that "substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships." According to opposing counsel at the June 1st hearing:

> . . . The evidence with regard to the children's safety around Dr. Brown is here in Houston, Harris County, Texas. It's not in Colorado. The only thing that's in Colorado is the children and how they're doing.
>
> What we're concerned with in the petition to Modify is, is Michael Brown a danger to his children? And if so, what type of access should he

---

[1] Relator's original contention, also urged in his petition, that the termination claim could not be included in the motion to modify, is not supported by either of the statutes he cites. Section 102.009 provides for "Service of Citation" upon the filing of a petition in an original suit. The statue does not speak to whether a request for termination of parental rights can properly be included in a motion to modify. *See* Tex. Fam. Code Ann. § 102.009 (West 2008). Section 102.013 establishes "Docketing Requirements" and contains no provision requiring a request for termination of parental rights to be filed as an original suit. *See* Tex. Fam. Code Ann. § 102.013(a) (West 2008).

[2] Although the original 2006 order is not part of the record, relator does not dispute that the Harris County court has made a child custody decision.

3

have to these children? All of that evidence is here. All of the shrinks are here, the evaluator is here. All of that evidence is here in Harris County.

No evidence was presented to the contrary and we cannot simply presume there is no evidence in Texas relevant to the children's welfare.

For subsection two to deprive the Texas trial court of jurisdiction, it must be determined that neither the children, Barone, nor relator reside in Texas. The record reflects the children and Barone reside in Colorado. Relator has included an affidavit in the record stating that he is a resident of Florida and is setting up a business in Florida. He has a Florida driver's license and has registered to vote there. His company has purchased a condo in Florida and he has leased an apartment.

However, at the June 1st hearing, opposing counsel presented a transcript of hearings held in another case on May 15th. The trial court read from the transcript relator's testimony "My permanent residence is still here at the Four Seasons." Counsel argued the testimony was mischaracterized but the trial court subsequently stated, "But his permanent residence is still here in Houston."

Because there is evidence in the record that substantial evidence relevant to the issues in this case is available in this state, and there is evidence in the record that relator resides in this state, we find relator has not established the Texas court lost exclusive continuing jurisdiction under section 152.202(a) .

## INCONVENIENT FORUM

Relator further contends the trial court should have declined to exercise jurisdiction over the entire action on the grounds Texas is an inconvenient forum. *See* Tex. Fam. Code Ann. §152.207 (West 2008). We consider relator's contention under an abuse of discretion standard. *See Coots v. Leonard,* 959 S.W.2d 299, 301 (Tex. App. -- El Paso 1997, no pet.) (citing *Creavin v. Moloney,* 773 S.W.2d 698, 702 (Tex. App. -- Corpus Christi 1989, writ denied)). In determining whether the Texas court abused its discretion, we review whether the court acted without reference to any guiding rules and principles and whether the court's actions were arbitrary and unreasonable. *Id.* (citing

4

*Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (Tex. 1939), *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex. 1984)). The fact that the trial court may decide a matter within its discretion differently than would the appellate court does not demonstrate an abuse of discretion. *Id.* (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex. 1985)).

"Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction." *See* Tex. Fam. Code Ann. §152.207(b) (West 2008). For this purpose, the following factors are relevant:

> (1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
>
> (2) the length of time the child has resided outside this state;
>
> (3) the distance between the court in this state and the court in the state that would assume jurisdiction;
>
> (4) the relative financial circumstances of the parties;
>
> (5) any agreement of the parties as to which state should assume jurisdiction;
>
> (6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
>
> (7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and
>
> (8) the familiarity of the court of each state with the facts and issues in the pending litigation.

*See* Tex. Fam. Code Ann. §152.207(b)(1)-(8) (West 2008). In regards to the above factors, the record reflects:

- domestic violence has occurred;

- the children have resided outside of the state for at least two years;

- the distance is over 1,000 miles to the Colorado court;

- Barone seeks payment of the expenses to proceed in Texas from relator;

5

- there was no agreement on jurisdiction;

- current information regarding the children would be in Colorado but evidence regarding relator and any danger he poses to the children is in Texas;

- this proceeding is set for trial in Texas in September 2012; and

- the Texas court is familiar with the facts and issues in the pending litigation.

Several factors weigh in favor of finding Colorado to be a more appropriate forum; the length of time the children have resided in Colorado; the fact that relator is being asked to pay for the travel expenses; and that current information about the children is more readily available in Colorado. However, weighing against such a finding are that domestic violence has occurred in the past, and that Barone claims the evidence relevant to whether relator poses a danger to the children is in Texas. Also, the Texas court is familiar with the facts and issues. This proceeding has been pending in the Texas court for over two years and is set for trial in less than two months. Relator made no complaint the forum is inconvenient until now.

Because the record does not reflect Colorado is a more appropriate forum than Texas, the trial court's decision to deny relator's request to decline jurisdiction was not arbitrary and unreasonable. We therefore find the trial court did not abuse its discretion and mandamus relief is unwarranted.

## CONCLUSION

Based on the above analysis, we find relator has not established the trial court lacks subject matter jurisdiction. Further, we find the trial court did not abuse its discretion in denying relator's request for the trial court to decline jurisdiction as an inconvenient forum. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, Christopher and Jamison.