**REVERSED IN PART; AFFIRMED AS MODIFIED IN PART; and Opinion Filed June 17, 2022**



In the
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00015-CV

## IN THE INTEREST OF C.H., A CHILD

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-20-07919**

## MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Garcia
Opinion by Justice Carlyle

Appellant Bradley Goodell appeals the trial court's decision to dismiss with prejudice a suit he brought to establish parentage, among other things. *See* TEX. FAM. CODE § 160.601 *et seq.* We reverse in part and affirm as modified in part in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

We begin with Goodell's assertion that the trial court erred by determining it lacked subject-matter jurisdiction. Subject matter jurisdiction is essential to a court's power to decide a case. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam). We review questions of subject matter jurisdiction de novo. *Id.*

A "court with jurisdiction to hear a suit affecting the parent-child relationship" is "authorized to adjudicate parentage." *See* TEX. FAM. CODE § 160.104(1). A court has jurisdiction to hear a suit affecting the parent-child relationship if Texas "is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live" in Texas. *Id.* § 152.201(a)(1). We focus on the latter portion of that section.

The parties agree the child was born in Dallas, and that the child remained there for some time after birth. Nearly two weeks after the child's birth, Goodell filed this case in Dallas County, alleging himself to be the child's father and that the child resided in Dallas. *Id.* § 160.601 *et seq.* Goodell remained in Texas. Goodell achieved substituted service while Mother was in California, when the child was between 9 to 24 days old, and at the relevant time thereafter, Mother claims she and the child resided in Idaho.[1]

Goodell alleged the child's residence as Dallas, Texas, and though Mother alleges she left with the child a week or less after the child's birth and before Goodell filed suit, the definition of "home state" provides for subject matter jurisdiction in

---

[1] The parties indicate there are proceedings in Idaho, filed after Mother and child moved there and, of course, after Goodell filed this case.

this situation. "Home state. . .[i]n the case of a child less than six months of age . . . means the state in which the child lived from birth with a parent or a person acting as a parent." *Id.* § 152.102(7); *see also id.* § 152.201(a)(1). Like our sister court, we do not read the definition of "home state" to require a child younger than six months to have continued to live only in Texas and no other state for Texas to be able to be the child's "home state" for purposes of this code section. *See In re Burk*, 252 S.W.3d 736, 740 (Tex. App.—Houston [14th] 2008, orig. proceeding).

The child here lived in Texas "from birth" with Mother, so even accepting Mother's statement that the two left Texas and arrived in California some seven days after birth, Goodell's filing when the child was thirteen days old triggered the trial court's subject matter jurisdiction. *Id.* at 740–41; *see also Powell v. Stover*, 165 S.W.3d 322, 325–26 (Tex. 2005). To the extent Mother makes any argument regarding her lack of intent to "live" in Texas after carrying the child to term here and giving birth here, "her intention does not impact the determination of her *child's* home state." *See In re Calderon-Garza*, 81 S.W.3d 899, 904 (Tex. App.—El Paso 2002, orig. proceeding). We reverse the trial court's determination that it lacked subject matter jurisdiction.

To the extent Goodell requests support as part of his action, the trial court correctly dismissed that portion because he made no allegations to support personal jurisdiction over Mother. But the trial court erred to the extent it dismissed that

portion of the action with prejudice. A trial court's special appearance ruling should not render a judgment on the merits, and dismissing with prejudice functions as a judgment on the merits. *See Celanese Corp. v. Sahagun*, No. 05-16-00868-CV, 2017 WL 3405186, at *12 (Tex. App.—Dallas Aug. 9, 2017, pet. denied). An order dismissing claims for lack of personal jurisdiction precludes re-litigation of the jurisdictional issues that were actually litigated and essential to the dismissal; however, such an order does not preclude a second action asserting the same claims in a court that can establish personal jurisdiction based on issues that were not decided in the first action. *Nguyen v. Desai*, 132 S.W.3d 115, 118 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). We reverse to the extent that the dismissal for lack of personal jurisdiction was with prejudice and reform the final paragraph of the trial court's order to read: "IT IS FURTHER ORDERED that the relief requested in SARA ANN HODGES' Special Appearance is hereby GRANTED, and BRADLEY GOODELL's support claim is dismissed without prejudice." *See Sahagun*, 2017 WL 3405186, at *13 (modification is the proper remedy).

We affirm the trial court's judgment regarding personal jurisdiction as to the support claim as modified. We reverse the trial court's determination that it lacked subject-matter jurisdiction and remand the parentage claim to the trial court for further proceedings not inconsistent with this opinion and the Uniform Child

Custody Jurisdiction and Enforcement Act provisions governing simultaneous proceedings. *See Powell*, 165 S.W.3d at 328–29.[2]

210015f.p05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

---

[2] We deny Mother's motion to strike portions of Goodell's reply brief as moot, given that the portions at issue played no role in our disposition of the appeal.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF C.H., A
CHILD

No. 05-21-00015-CV          V.

On Appeal from the 302nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-20-07919.
Opinion delivered by Justice Carlyle.
Justices Smith and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** in part and **AFFIRMED** in part as **MODIFIED**. We **REVERSE** the trial court's judgment to the extent it dismisses Bradley Goodell's claims for lack of subject matter jurisdiction. We also **REVERSE** the trial court's judgment to the extent its dismissal for lack of personal jurisdiction was with prejudice and **MODIFY** the final paragraph of the trial court's order to read: "IT IS FURTHER ORDERED that the relief requested in SARA ANN HODGES' Special Appearance is hereby GRANTED, and BRADLEY GOODELL's support claim is dismissed without prejudice." In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 17th day of June, 2022.