**IN RE S.J., Relator**

**NO. 14–17–00054–CV**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion Filed February 23, 2017

Rehearing Overruled March 21, 2017

Ruth Vernier, The Woodlands, TX, Laura Dale, Matthew A. Knox, Houston, TX, for Relator.

Donn C. Fullenweider, Houston, TX, for Real Party in Interest.

Panel consists of Justices Christopher, Jamison, and Donovan.

## OPINION

John Donovan, Justice

The subject of this mandamus proceeding is an Emergency Jurisdiction Order pertaining to S. S., the six year-old child of relator S. J. (Mother) and real party-in-interest S. B. (Father). On January 17, 2017, the Honorable James T. Lombardino, presiding judge of the 308th District Court of Harris County, after an evidentiary hearing, signed an Emergency Jurisdiction Order that, among other things, orders Mother to return the child to Chennai, India by January 23, 2017 and enjoins the parties from removing the child from Chennai, India subject to further orders of the Principal Family Court of Chennai, India. The Emergency Jurisdiction Order states that the court has jurisdiction under section 152.204 of the Texas Family Code because the child is present in Texas and it is necessary in an emergency to protect the child because the child is subjected to or threatened with mistreatment or abuse. *See* Tex. Fam. Code § 152.204(a). On January 20, 2017, Mother filed a petition for writ of mandamus asking this court to compel the trial court to vacate its Emergency Jurisdiction Order, arguing that no evidence supports the trial court's jurisdictional finding. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. Pursuant to Mother's motion, our court stayed the Emergency Jurisdiction Order until a final decision by this court on Mother's petition.

Because Father offered no evidence of an emergency in which it was necessary to protect the child because the Mother had subjected the child to or threatened the child with mistreatment or abuse, we conclude that the trial court had no jurisdiction under section 152.204 and that the Emergency Jurisdiction Order is therefore void. That Mother moved with the child from India to Texas without Father's knowledge or consent is not sufficient, by itself, to warrant the exercise of emergency jurisdiction under section 152.204(a).

We therefore conditionally grant the petition for writ of mandamus and direct the trial court to vacate its Emergency Jurisdiction Order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Father is a citizen of India, but Mother and the child are U.S. citizens. Father and Mother married in January 2009 in Chennai, India, but lived in California for the first year and a half of the marriage. The child was born in California on June 2, 2010. Since 2014, the child has resided in Chennai, India, with Mother and Father. Mother was the primary caretaker of the child. She attended every doctor's visit, took the child to school, helped the child with his homework, and arranged the child's social activities.

Mother testified that throughout the marriage Father abused alcohol and was physically violent towards her. Mother testified that on October 23, 2016, Father, in the presence of the child, grew angry with Mother, struck her repeatedly, causing her various physical injuries. Mother testified that because she feared for her and the child's safety, she decided to move permanently to Montgomery County, Texas.

While visiting her sister in Amsterdam, Netherlands, Mother electronically signed a lease on an apartment in Montgomery

County, Texas. Without Father's knowledge or consent, Mother and the child traveled to Texas on December 31, 2016. They stayed with friends in Spring, Texas, for a week while Mother's apartment was prepared. On January 7, 2017, Mother and the child moved into the new apartment. Mother testified that that her employment allowed her to work from home anywhere and that she could afford to live on her own with the child.

Father, during this time, contacted law enforcement in Chennai, India, to report that his son was missing and to try to track him down through the Cyber Crime department. Father claims that on January 9, 2017, he filed pleadings to initiate divorce and custody proceeding in Chennai. Mother, however, claims that this Indian proceeding is not for custody or divorce, but is for the restitution of conjugal rights. Father testified before the Principal Judge of the Family Courts in Chennai concerning Mother's taking of the child. According to Father, the Chennai judge set a date for a full hearing concerning the custody of the child for February 7, 2017, and ordered the child to be produced in court at that time. Father claims that Mother has seen this Indian custody pleading, but Mother claims that she has not been properly served with the Indian citation and pleading.

On January 6, 2017, Father filed his Original Petition and Suit Affecting the Parent–Child Relationship Seeking the Prevention of International Parental Child Abduction in the Harris County district court below. Also, on January 6, 2017, Father discovered that Mother was in Harris County and had her served with the petition at her friend's house. In the petition, Father requested, among other things, that the trial court (1) assume temporary emergency jurisdiction under section 152.204 of the Texas Family Code, (2)

appoint Father the sole managing conservator of the child, and (3) enter orders to prevent the international parental abduction of the child under section 153.501–503 of the Texas Family Code. The petition states that the child's home state is India and that the trial court could assume emergency jurisdiction under section 152.204 because the child had been "wrongfully removed" from his home in India and to prevent "further abduction."

After a three-day evidentiary hearing, the trial court signed an Emergency Jurisdiction Order that, among other things, requires Mother to return the child to Chennai, India by January 23, 2017, and enjoins the parties from removing the child from Chennai, India subject to further orders of the Principal Family Court of Chennai, India. The Emergency Jurisdiction Order states that the court finds it has jurisdiction of this case under section 152.204 of the Texas Family Code in that the child is present in Texas and it is necessary in an emergency to protect the child because the child is subjected to or threatened with mistreatment or abuse. *See* Tex. Fam. Code § 152.204(a). The Emergency Jurisdiction Order states no other basis for the court's jurisdiction and admits that no jurisdiction exists for a Texas court to make a permanent or final custody determination.

## II. MANDAMUS STANDARD

 To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or

apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The appellate court reviews the trial court's application of the law de novo. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). With respect to resolution of fact issues, or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Id.* at 839–40.

 Mandamus review is appropriate in child custody cases where there is a jurisdictional dispute. *Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex. 1994) (orig. proceeding); *In re Burk*, 252 S.W.3d 736, 738 (Tex. App.–Houston [14th Dist.] 2008, orig. proceeding). Whether a trial court has subject matter jurisdiction is a question of law we review *de novo. In re Burk*, 252 S.W.3d at 738–39.

 When a court lacks subject-matter jurisdiction over a proceeding, any orders it renders in that proceeding are void. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex. 1995). An order that the trial court had no power or jurisdiction to enter is void. *Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 431 (Tex. 1986) (orig. proceeding). When an order is void, relator is not required to show the lack of an adequate appellate remedy, and mandamus relief is appropriate. *In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding). "Mandamus is generally proper if a trial court lacks subject matter jurisdiction over the underlying proceeding, and in such a case, a relator need not establish that she lacks an adequate remedy by appeal." *In re St. Thomas High Sch.*, 495 S.W.3d 500, 514 (Tex. App.–Houston [14th Dist.] 2016, orig.

proceeding); *see also In re John G. and Marie Stella Kenedy Memorial Foundation*, 315 S.W.3d 519, 523 (Tex. 2010) (because order was void due to trial court's lack of jurisdiction, mandamus relief was appropriate without a showing that the relators lack an adequate appellate remedy).

## III. ANALYSIS

 As discussed below, the record does not support the trial court's finding that it had jurisdiction to grant emergency relief under section 152.204 of the Texas Family Code. Section 152.204(a) provides: "A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child ... is subjected to or threatened with *mistreatment or abuse*." Tex. Fam. Code § 152.204(a).[1] In such a case, the district court is empowered to act only on a short term, temporary, emergency basis when the potential for immediate harm exists. *In re Salminen*, 492 S.W.3d 31, 40 (Tex. App.–Houston [1st Dist.] 2016, no pet.). The exercise of jurisdiction under section 152.204 is reserved for extraordinary circumstances. *Id.*; *Saavedra v. Schmidt*, 96 S.W.3d 533, 545 (Tex. App.–Austin 2002, no pet.); *In re Marriage of Lai*, 333 S.W.3d 645, 649–50 (Tex. App.–Dallas 2009, orig. proceeding).

Chapter 152 of the Family Code does not define "mistreatment" or "abuse." However, we find guidance from section 261.001 of the Family Code, which provides that "abuse" includes, among other things, "mental or emotional injury to a child that results in an observable and material impairment in the child's growth,

1. Section 152.204 is part of the Uniform Child Custody Jurisdiction and Enforcement Act that has been adopted by Texas.

development, or psychological functioning" or "physical injury that results in substantial harm to the child, or the genuine threat of substantial harm from physical injury to the child." Tex. Fam. Code Ann. § 261.001.

The testimony offered at the hearing that is most relevant to the issue of jurisdiction under section 152.204 was as follows. Father testified that Mother had never been physically violent with the child and was a good parent. Father offered no evidence that Mother had ever physically or verbally mistreated or abused child; only that Mother had moved to Texas with the child without his consent.

Mother testified that throughout the marriage Father abused alcohol and was physically violent towards her.[2] Mother testified that Father had also threatened their son with violence. Mother testified that because she feared for her and her child's safety, she decided to permanently move with the child to Montgomery County, Texas.

Mother argues that the record does not support the trial court exercise of emergency jurisdiction under section 152.204(a) because Father offered no evidence that Mother had ever abandoned the child or physically or verbally mistreated or abused the child or threatened to do so.

Father, on the other hand, argues the trial court had jurisdiction under section 152.204(a) because Mother abducted the child by removing the child from his home state in India. Father argued to the trial court "that the mistreatment or abuse here is the international abduction of this child from his home in Chennai, India." It is undisputed that Mother took the child from India to Texas with the intent to permanently move there without Father's knowledge or consent.

However, no language in section 152.204 indicates that taking a child to Texas with the intent to move there without the other parent's knowledge or consent, by itself, constitutes mistreatment or abuse that would warrant the exercise of emergency jurisdiction under section 152.204(a). Rather, section 152.204(a) states that there must be an "emergency" such that it is necessary to protect the child because of mistreatment or abuse. Tex. Fam. Code § 152.204(a). There is no evidence that Mother's taking the child to Texas caused the child any mental or emotional injury that resulted in an observable and material impairment in the child's growth, development, or psychological functioning that necessitated the exercise of emergency jurisdiction under section 152.204. See Tex. Fam. Code Ann. § 261.001.

Father cites no case that supports his position that moving the child to Texas without Father's knowledge or consent, by itself, constitutes "mistreatment" or "abuse" of the child sufficient to allow the exercise of jurisdiction under section 152.204(a). To the contrary, three Texas courts of appeal have implicitly rejected Father's position, holding that the trial

---

2. In particular, Mother testified that Father once struck her so hard she lost hearing in one of her ears. Mother testified Father subjected her to severe physical and verbal abuse in the presence of the child, including hitting her, spitting on her, and pushing her to the ground. Mother testified that on October 23, 2016, Father, in the presence of the child, grew angry with Mother, struck her repeatedly, causing her various physical injuries. She testified that Father had sent her a text message calling her "f***ing disgusting," telling her she "squeal[ed] like a bloody pig when slaughtered," asking her when she would have the guts to leave because she "sit[s] in my house like a bloody le[e]ch." Although Father denied Mother's allegations of physical violence, he did not deny that he sent this text message.

court lacked jurisdiction under section 152.204(a), notwithstanding allegations and evidence that the child had been abducted or moved without the other parent's consent.

First, in *In re Salminen*, 492 S.W.3d at 34–35, the trial court assumed emergency jurisdiction under section 152.204 to award the father sole managing conservatorship of the child based on allegations and evidence that the mother has a continuous history of absconding with the child and that unless the court exercised jurisdiction, the mother would abscond with the child again without any notice to the father; the trial court found that it had jurisdiction because there is "an imminent threat of abduction of the child" by the mother. The Houston First Court of Appeals, nevertheless, held that the trial court lacked jurisdiction under section 152.204(a) in part because the father failed to present any evidence that the child had been abandoned or that there was an emergency necessitating an order to protect her because she was subjected to or threatened with mistreatment or abuse. *Id.* at 41.

Second, in *In re Kamstra*, No. 12–09–00017–CV, 2010 WL 708857, at *2 (Tex. App.–Tyler Mar. 2, 2010, orig. proceeding) (mem. op.), the father alleged that Burundi was the children's home state and the mother had engaged in international kidnapping; the trial court stated that it was issuing emergency orders under section 152.204 "since the children have been abducted to this state." The Tyler Court of Appeals, nevertheless, held that the trial court lacked subject matter jurisdiction under section 152.204 because there was no evidence that the children had been abandoned or had been subjected to or threatened with mistreatment or abuse. *Id.* at *9.

Third, in *In re Marriage of Lai*, 333 S.W.3d 645 (Tex. App.–Dallas 2009, orig.

proceeding), the father moved the children from their home in China without their mother's knowledge and consent. The Dallas Court of Appeals, nevertheless, held that the trial court did not have emergency jurisdiction under section 152.204(a) because there was no evidence the children had been abandoned or that there was an emergency situation where the children were subjected to or threatened with mistreatment or abuse by the father. *Id.* at 650.

■■■■■ Father argues that even if the jurisdictional requirements of the UCCJEA (Chapter 152 of the Family Code) were not met, the trial court still has inherent power to apply the equitable principles of *parens patriate* to issue orders, in its "broad discretion ... for immediate protection of a child," when it determines those orders to be necessary in the child's best interest, citing *Saavedra*, 96 S.W.3d at 544. However, *Saavedra* did not hold that a trial court may exercise that discretion in the absence of jurisdiction under the UCCJEA; rather, *Saavedra* held that "[u]nder section 152.204, a court of this state may assume temporary jurisdiction over a custody dispute if the child is present in this state and it is necessary to protect a child subjected to or threatened with mistreatment or abuse" and that "[a] trial court enjoys broad discretion in issuing orders for immediate protection of a child." *Id.* at 544. Father cites no case or statute that indicates that the principle of *parens patriate* is a jurisdictional avenue independent of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) for children whose home state is outside Texas. Rather, the UCCJEA is the "exclusive jurisdictional basis" for Texas courts to make a child custody determination. *In re Dean*, 393 S.W.3d 741, 746 (Tex. 2012) (orig. proceeding). Unless a court finds that it has jurisdiction under one of

the four enumerated grounds in section 152.201(b), it cannot exercise jurisdiction over a child custody determination. *Id.*

### V. CONCLUSION

We conclude that the trial court had no emergency jurisdiction under section 152.204(a) because there is no evidence that Mother had ever abandoned the child or mistreated or abused the child or threatened to do so. In fact, Father testified that Mother had never been physically violent with the child and was a good parent. That Mother moved the child to Texas without Father's knowledge or consent is not sufficient, by itself, to prove that it was "necessary in an emergency to protect the child because the child . . . is subjected to or threatened with mistreatment or abuse." Tex. Fam. Code § 152.204(a).

Because the trial court lacked jurisdiction under section 152.204 of the Family Code, it abused its discretion by issuing the Emergency Jurisdiction Order. Such order is therefore is void and Mother need not show that she lacks an adequate remedy by appeal for this error. *See e.g., In re John G. and Marie Stella Kenedy Memorial Foundation,* 315 S.W.3d at 523; *In re Kamstra,* 2010 WL 708857, at *2.

We therefore conditionally grant the petition for writ of mandamus and direct the trial court to vacate its Emergency Jurisdiction Order.

We are confident the trial court will act in accordance with this opinion. The writ of mandamus shall issue only if the trial court fails to do so.