**Affirmed in Part, Reversed and Remanded in Part, and Majority and Dissenting Opinions filed March 9, 2023**.



In The

# Fourteenth Court of Appeals

## NO. 14-22-00361-CV

## IN THE INTEREST OF A.Y.C., A CHILD

**On Appeal from the 313th District Court
Harris County, Texas
Trial Court Cause No. 2020-02304J**

## DISSENTING OPINION

While Mother and Father raise a variety of interesting issues that the majority has chosen to address, we should reverse based on the absence of subject matter jurisdiction.

### ANALYSIS

"It is well-settled that '[a] judgment may properly be rendered against a party only if the court has authority to adjudicate the type of controversy involved in the action.'" *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 74-75 (Tex. 2000) (quoting Restatement (Second) of Judgments § 11 (1982)); *see also* Tex. Const. art. V, § 8

("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this constitution or other law on some other court, tribunal, or administrative body."). Subject matter jurisdiction is a question of law that we review *de novo*. *Powell v. Stover*, 165 S.W.3d 322, 324 (Tex. 2005) (orig. proceeding); *Barabarawi v. Rayyan*, 406 S.W.3d 767, 771 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *cf. In re S.J.*, 522 S.W.3d 576, 582-83 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding [mand. denied]) (unless one of the enumerated grounds in Texas Family Code section 152.201 is satisfied, the trial court "cannot exercise jurisdiction over a child custody determination") (citing *In re Dean*, 393 S.W.3d 741, 746 (Tex. 2012) (orig. proceeding)). A court that acts without subject matter jurisdiction commits fundamental error that may be reviewed for the first time on appeal. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam). A judgment is void if rendered by a court without subject matter jurisdiction. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 309 (Tex. 2010) (orig. proceeding); *In re Stern*, 436 S.W.3d 41, 48 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding [mand. dism'd]).

Here, the Department initiated proceedings against Mother and Father; therefore, it had the burden of establishing the trial court's subject matter jurisdiction. *See In re Forlenza*, 140 S.W.3d 373, 376 (Tex. 2004) (orig. proceeding). While district courts presumptively have jurisdiction to hear claims, this presumption does not apply to actions grounded in statutes. *Id.* (citations omitted). When jurisdiction is conferred by statute, a claim must satisfy the requisites of the statutory scheme before a district court may exercise subject matter jurisdiction. *Id.*

Jurisdiction concerning the Department's claims against Mother and Father is expressly set forth in the Texas Family Code. *See* Tex. Fam. Code Ann. § 152.201.

In relevant part, jurisdiction is only conferred if:

> this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state[.]

*Id.* at (a)(1). "Home state" is defined (in relevant part) as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." *Id.* § 152.102(7).

Neither the parties nor the majority have cited any evidence in the record that either Mother or Father lived in Texas within six months of the commencement of proceedings in this case. *See* Tex. R. App. P. 38.1(g) (a party's statement of facts pertinent to the issues "must be supported by record references"). A *de novo* review of the record reveals it contains no evidence that Mother or Father have ever lived in Texas. Therefore, our analysis concerning subject matter jurisdiction is limited to whether Adam lived in Texas for at least six consecutive months with a person "acting as a parent". "Acting as a parent" is defined as a person, other than a parent, who (in relevant part) "has been awarded legal custody by a court or claims a right to legal custody under the law of this state." Tex. Fam. Code Ann. § 152.102(13)(B).

The Department failed to introduce any evidence tending to prove that Calderon either was awarded legal custody by a court or that he claimed a right to legal custody of Adam; these are the only two statutory routes to "acting as a parent" under Texas law. *See id.* This absence of jurisdictional evidence should be dispositive, particularly given the absence of evidence tending to prove the formality, timing, or plausibility of the fictional claim of custody utilized by the majority to presume subject matter jurisdiction under a statutory scheme. *See*

*Schirado v. Foote*, 785 N.W.2d 235, 240 (N.D. 2010) ("national case law consistently presents three elements considered in determining if a person claims a right to legal custody under the laws of a state: 1) formality, 2) timing and 3) plausibility"); *see also In re S.J.A.*, 272 S.W.3d 678, 684 (Tex. App.—Dallas 2008, no pet.) (examining whether Mother claimed a right to child custody under the laws of Florida); *accord Hay v. King*, No. A12-1130, 2013 WL 216359, at *4-10 (Minn. Ct. App., Jan. 22, 2013) (not designated for publication); *Sulier v. Veneskey*, 878 S.E.2d 633, 647 (N.C. Ct. App. 2022) ("We hold this analysis is consistent with the function of the UCCJEA and principles of certainty, predictability and uniformity of result.") (internal quotations and citations omitted). Given the absence of relevant authority in Texas concerning this uniform act, we should examine how these other courts interpret this issue rather than ignore them. *See Sulier*, 878 S.E.2d at 644 ("Since the UCCJEA is a uniform act, in the absence of any North Carolina cases addressing this issue in detail, we find the analysis by other courts instructive.").

I believe, however, that the State of Texas nonetheless retains the right to acquire emergency orders authorizing possession of children when the statutory prerequisites are satisfied. *See, e.g.,* Tex. Fam. Code Ann. §§ 152.204, 262.102(a). Because the trial court incorrectly granted relief without subject matter jurisdiction, we should remand the issue of emergency custody by the State of Texas back to the trial court for further proceedings.

Therefore, I respectfully dissent.

/s/ Meagan Hassan
Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan. (Christopher, C.J., majority).