

# NUMBER 13-26-00217-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CRISTINA GALLEGOS ORTEGA

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Silva[1]**

By petition for writ of mandamus, relator Cristina Gallegos Ortega asserts that the

trial court[2] abused its discretion by exercising jurisdiction over a suit affecting the parent-

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number F-4337-25-7 in the County Court at Law No. 7 of Hidalgo County, Texas, and the respondent is the Honorable Sergio Valdez. *See id.* R. 52.2.

child relationship under the Texas Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). *See* TEX. FAM. CODE §§ 152.001–.317. We conditionally grant the petition for writ of mandamus.

## I.    BACKGROUND

This original proceeding arises from an original suit affecting the parent-child relationship that was filed by father Jose Angel Alfaro Olvera against mother Gallegos Ortega in the County Court at Law No. 7 of Hidalgo County, Texas, regarding minor child A.N.A.G.[3] In his first amended original petition, Alfaro Olvera requested the trial court to exercise jurisdiction over the case pursuant to Texas Family Code Section 152.201(a):

> The minor child, a nine-year-old Mexican citizen, resided her entire life in Mexico under the care and custody of [Alfaro Olvera]. The child was removed from Mexico by [Gallegos Ortega] and brought to Texas without [Alfaro Olvera's] consent. [Gallegos Ortega] is also a Mexican citizen but currently resides in the United States under an uncertain immigration status. [Alfaro Olvera's] attorney in Mexico has advised that the child's physical presence in Mexico is required for the pending custody proceedings to move forward. Accordingly, [Alfaro Olvera] respectfully requests that this Court assert temporary emergency jurisdiction under [Texas Family] Code § 152.204 to protect the welfare of the child and to facilitate her return to her habitual residence in Mexico.
>
> [Alfaro Olvera] further shows that the child faces risk of harm and potential immigration consequences if she remains in Texas. The child is currently enrolled in school in the United States, which is not permitted under her visa classification, placing her at risk of removal or loss of status. In addition, [Gallegos Ortega] was arrested in January 2026 for alleged criminal activity in Texas. Given these circumstances, [Alfaro Olvera] asks the Court to recognize that Mexico is the child's home state for purposes of the UCCJEA and to take jurisdiction for the limited purpose of ordering the return of the child to her lawful residence in Mexico, where jurisdiction properly lies and where her ongoing safety, schooling, and legal status can be maintained under the supervision of the appropriate Mexican court.

---

[3] We use a pseudonym to refer to the minor child. *See* TEX. FAM. CODE § 109.002(d) ("On the motion of the parties or on the court's own motion, the appellate court in its opinion may identify the parties by fictitious names or by their initials only."); TEX. R. APP. P. 9.8 cmt. ("The rule does not limit an appellate court's authority to disguise parties' identities in appropriate circumstances in other cases.").

Alfaro Olvera further requested the trial court to: (1) appoint both parents as joint managing conservators for the child; (2) appoint Alfaro Olvera as the conservator with the exclusive right to designate the primary residence of the child in Mexico; (3) determine whether it was necessary to take measures "to protect the child from the risk of abduction" by Gallegos Ortega under Texas Family Code Section 153.503; (4) order Gallegos Ortega to pay child support; and (5) issue a writ of attachment for the child. Alfaro Olvera filed a declaration in support of the factual allegations in his petition.

Gallegos Ortega filed a special appearance and answer requesting the trial court to dismiss the case for lack of jurisdiction. Gallegos Ortega asserted that the home state of the child was Mexico, that there were two custody proceedings pending in Mexico regarding the child, and that Mexican courts had not declined to exercise jurisdiction over the proceedings there. Gallegos Ortega thereafter filed a motion to dismiss Alfaro Olvera's lawsuit.

On March 12, 2026, the trial court held a hearing and signed an order which denied Gallegos Ortega's jurisdictional challenge and stated that the trial court was exercising "temporary emergency jurisdiction" over the case. The order provides:

> The Court finds that the parties testified to two different [c]ourt proceedings which were ongoing in the Country of Mexico. The Court finds that the parties filed proceedings in the two Courts in the Country of Mexico with one being in Valle Hermoso, Tamaulipas, Mexico, and the other in Rio Bravo, Tamaulipas, Mexico. The Court finds that the parties agreed that that there was no residency connection to the case in Rio Bravo, Tamaulipas, Mexico. The Court finds that there are competing Court cases in the Country of Mexico, relating to the same parties and child named in this case, addressing the same issues. The Court finds that neither party offered into evidence any documents relating to the cases pending in Mexico. The Court thus had no documentary evidence to consider as it relates to the cases pending in the Country of Mexico.

3

The Court finds that the child [A.N.A.G.] trave[l]ed to the Country of the United States on a Tourist Visa. This [Tourist Visa] allowed her to stay in the United States from 72 hours to one week during each visit to the United States. The Court finds that the child does not currently have any valid approved permission to be in the United States beyond her Tourist Visa. The Court finds that [A.N.A.G.] has resided in the Country of Mexico her entire life with the exception of the time period starting when she was brought to the United States on her Tourist Visa.

The Court finds that [Gallegos Ortega] trave[l]ed to the United States on a Tourist Visa which allowed her to be in the United States for a period of 72 hours during each visit. The Court finds that from . . . 2020 to 2023 . . . [Gallegos Ortega] did not have any valid approved permission to remain in the United States, with the exception of her Tourist Visa. The Court further finds that [Gallegos Ortega] is facing criminal charges in the Country of Mexico for the manner in which she removed the child from the Country of Mexico.

The Court finds that [Alfaro Olvera] has been trave[l]ing from the Country of Mexico to the United States within the parameters of his Tourist Visa.

After considering all of the evidence and arguments of Counsel, the Court finds that the facts and circumstances as presented in this case have created the necessity for this Court to exercise temporary emergency jurisdiction, and thus issues the following Order. The Court takes into consideration all of the evidence, including but not limited, to any findings herein.

The trial court's order thus allowed Alfaro Olvera to: (1) take immediate possession of the child; (2) return the child to Mexico; and (3) take the child before the judges presiding over the custody proceedings in Mexico. The following day, on March 13, 2026, the trial court issued a writ of attachment for the child.

Gallegos Ortega filed this petition for writ of mandamus and an emergency motion to stay. We granted the emergency motion, ordered the trial court's March 12, 2026 order and the March 13, 2026 writ of attachment stayed, and ordered Alfaro Olvera to file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.8, 52.10.

4

Alfaro Olvera has filed a response asserting in relevant part that Gallegos Ortega has an adequate remedy by appeal, and that the trial court did not abuse its discretion by exercising temporary emergency jurisdiction over the case under Texas Family Code Section 152.204.

## II. MANDAMUS

A writ of mandamus is an extraordinary remedy which is ordinarily available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "A court abuses its discretion if no evidence supports the finding on which its ruling rests and if the court could reasonably have reached only a contrary conclusion." *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding) (per curiam). We conduct a "benefits-and-detriments analysis" to determine if the relator possesses an adequate remedy at law. *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 843 (Tex. 2022) (orig. proceeding) (per curiam); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37.

Alfaro Olvera asserts that the trial court issued a final, appealable order, and thus mandamus relief should be denied because Gallegos Ortega had an adequate remedy by appeal. In support of his contention, Alfaro Olvera notes that the trial court's March 12, 2026 order expressly states that it is "final and appealable." We disagree with Alfaro Olvera's assertions. "A writ of mandamus is an appropriate means to require a trial court

5

to comply with the UCCJEA's jurisdictional requirements." *Powell v. Stover*, 165 S.W.3d 322, 324 (Tex. 2005) (orig. proceeding); *see In re Muldoon*, 679 S.W.3d 182, 184 (Tex. App.—San Antonio 2023, orig. proceeding); *In re S.J.*, 522 S.W.3d 576, 580 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding [mand. denied]). In a jurisdictional dispute arising from child custody proceedings, the relator need not demonstrate that an appellate remedy is inadequate because an order issued without jurisdiction is void. *In re S.J.*, 522 S.W.3d at 580. Accordingly, we proceed to address the merits.

## III.  ANALYSIS

Gallegos Ortega presents two issues through which she contends that: (1) the trial court lacked jurisdiction under the UCCJEA to make an initial custody determination because Mexico is the child's home state; and (2) there is no basis for temporary emergency jurisdiction.[4]

The UCCJEA "was designed, in large part, to clarify and to unify the standards for courts' continuing and modification jurisdiction in interstate child-custody matters." *In re Forlenza*, 140 S.W.3d 373, 374 (Tex. 2004) (orig. proceeding); *see Cortez v. Cortez*, 639 S.W.3d 298, 306 (Tex. App.—Houston [1st Dist.] 2021, no pet.). "The UCCJEA helps . . . ensure child custody determinations are rendered in the state which can best decide the case in the interest of the child." *In re D.S.*, 602 S.W.3d 504, 513 (Tex. 2020) (citation modified); *see In re Muldoon*, 679 S.W.3d at 185. "The UCCJEA advances an overarching objective of expediency and stability in an increasingly mobile world by helping prevent manipulation of the system and undue complication of child-custody

---

[4] Gallegos Ortega presents additional issues and arguments in support of her contention that the trial court erred; however, we need not address those arguments given our resolution of this matter on other grounds. *See* TEX. R. APP. P. 47.1, 47.4.

6

disputes, which can occur when a child is moved from one state to another." *In re D.S.*, 602 S.W.3d at 513; *see In re Muldoon*, 679 S.W.3d at 185.

Under the UCCJEA, we examine objective factors in determining jurisdiction. *Powell*, 165 S.W.3d at 326. For purposes of jurisdiction over initial child custody determinations, a foreign country is treated "as if it were a state of the United States." TEX. FAM. CODE § 152.105(a); *see In re Salminen*, 492 S.W.3d 31, 39–42 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding). Under the UCCJEA, a state court only has jurisdiction to make an initial child custody determination under certain circumstances. *See* TEX. FAM. CODE § 152.201. Specifically, under Section 152.201 of the UCCJEA:

> [A] Texas court has jurisdiction to make initial child-custody determinations (1) if Texas is the child's home state; (2) in certain situations where a court of another state does not have jurisdiction or declines to exercise jurisdiction on the ground that this state is the more convenient forum; or (3) no court of any other state would have jurisdiction under the criteria set out in [Section 152.201 of the Texas Family Code].

*In re D.S.*, 602 S.W.3d at 513; *see In re Muldoon*, 679 S.W.3d at 185. Here, Texas is not the child's home state, and neither of the other circumstances are present. *See* TEX. FAM. CODE § 152.201. Therefore, Section 152.201 does not provide jurisdiction for the trial court to make an initial child custody determination under the UCCJEA. *See id.* We sustain Gallegos Ortega's first issue.

With regard to Gallegos Ortega's second issue, Section 152.204 of the UCCJEA permits a Texas court to exercise "temporary emergency jurisdiction" over a child in custody matters "if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse." *Id.*

§ 152.204(a). The exercise of temporary emergency jurisdiction under this section is reserved for "extraordinary circumstances." *In re S.J.*, 522 S.W.3d at 580; *see In re Salminen*, 492 S.W.3d at 40.

The UCCJEA does not provide guidance on what constitutes "mistreatment or abuse" but guidance is provided elsewhere in the Texas Family Code. *See In re S.J.*, 522 S.W.3d at 580. Section 261.001(1) defines "abuse" as including, *inter alia*, "mental or emotional injury to a child that results in an observable and material impairment in the child's growth, development, or psychological functioning," "physical injury," and harmful "sexual conduct." TEX. FAM. CODE § 261.001(1). When Section 152.204 applies, the trial court "is empowered to act only on a short term, temporary, emergency basis when the potential for immediate harm exists." *In re S.J.*, 522 S.W.3d at 580.

The trial court is required to follow certain procedures to exercise temporary emergency jurisdiction under Section 152.204. *See* TEX. FAM. CODE § 152.204(c), (d). The trial court must determine if there is a previous child custody determination that is entitled to be enforced, and if so, "any order . . . under this section must specify in the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under [s]ections 152.201 through 152.203." *Id.* § 152.204(c). Section 152.204(d) further provides for communications between a Texas court making a temporary emergency order under Section 152.204 and the court exercising jurisdiction under Sections 152.201 through 152.203. *Id.* § 152.204(d).

Alfaro Olvera asserts that the trial court did not abuse its discretion by exercising jurisdiction under Section 152.204. According to Alfaro Olvera:

8

The evidence established that [A.N.A.G.] faces imminent risk of harm from multiple sources: (1) [A.N.A.G.] is unlawfully present in the United States on an expired tourist visa, subjecting her to potential detention and deportation during a period of heightened immigration enforcement; (2) [A.N.A.G.] has been separated from her lifelong home and primary caregiver in Mexico; (3) [A.N.A.G.] has been denied meaningful contact with [Alfaro Olvera] since June 2025; (4) [Gallegos Ortega] faces criminal charges in both Texas and Mexico and potential arrest; and (5) [A.N.A.G.'s] custody remains unresolved despite competing proceedings in two Mexican courts. These circumstances, considered together, constitute mistreatment or threatened mistreatment warranting emergency intervention to protect [A.N.A.G.].

Here, the record fails to reflect that the trial court followed the mandatory procedures to exercise temporary emergency jurisdiction in this case. *See* TEX. FAM. CODE § 152.204(c), (d). Moreover, Alfaro Olvera failed to meet the statutory requirement to show that the child had been abandoned or it was necessary in an emergency to protect the child from mistreatment or abuse of threats thereof. *See id.* § 152.204(a); *In re S.J.*, 522 S.W.3d at 581–82 (collecting cases standing for the proposition that international abduction of a child does not constitute mistreatment or abuse). It is undisputed that the child was not abandoned, and the language of Section 155.204 does not indicate that a risk of deportation, separation from a caregiver, pending criminal charges against Gallegos Ortega, or a lack of contact with Alfaro Olvera, without more, constitutes an emergency regarding potential mistreatment or abuse that would warrant the exercise of temporary emergency jurisdiction. *See* TEX. FAM. CODE § 152.204(a). Further, Alfaro Olvera does not cite any cases that support the proposition that the alleged circumstances constitute mistreatment or abuse, or threatened mistreatment or abuse of the child.[5] We conclude that the trial court did not have temporary emergency jurisdiction under Section

---

[5] We note, for instance, that the Texas Supreme Court has held that "the mere threat of deportation or incarceration resulting from an unlawful act" does not establish endangerment as a ground for the termination of parental rights. *In re E.N.C.*, 384 S.W.3d 796, 805 (Tex. 2012).

152.204(a) because there was no evidence that the child had been abandoned or that there was an emergency where the child was subjected to or threatened with mistreatment or abuse. *See id.* Accordingly, we sustain Gallegos Ortega's second issue. *See id.*; *In re S.J.*, 522 S.W.3d at 582; *In re Salminen*, 492 S.W.3d at 39–42. Moreover, as noted above, Gallegos Ortega need not demonstrate the inadequacy of an appellate remedy here, which entitles her to mandamus relief. *See Powell*, 165 S.W.3d at 324; *In re Muldoon*, 679 S.W.3d at 184; *In re S.J.*, 522 S.W.3d at 580.

## IV. CONCLUSION

We conditionally grant the petition for writ of mandamus. We lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We direct the trial court to vacate its March 12, 2026 order and its March 13, 2026 writ of attachment and to proceed in accordance with our memorandum opinion. Our writ will issue only if the trial court fails to promptly comply.

CLARISSA SILVA
Justice

Delivered and filed on the
30th day of April, 2026.